IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY<br>Plaintiff<br>vs<br>YESSICA PEÑA-ROMERO, her husband JOHN EDWIN ANDERSON KEARNEY and the conjugal partnership between them<br>Defendants | CIVIL 15-1065CCC |

## DEFAULT JUDGMENT

On January 26, 2015, Roosevelt Cayman Asset Company ("RCAC") filed the instant complaint against defendants YESSICA PEÑA-ROMERO, her husband JOHN EDWIN ANDERSON KEARNEY and the conjugal partnership between them (hereinafter "Defendants"), for Defendants' non-compliance with the terms and conditions of a loan and mortgage deed in the amount of One Hundred Forty-Four Thousand Dollars ($144,000.00), executed on November 30, 2007.  Defendants were served with copies of the complaint and summons in the instant case on March 10, 2015.

Pursuant to Rule 4.6 of the Rule of Civil Procedure for the Commonwealth of Puerto Rico, made applicable by Rule 4(e) of the Federal Rules of Civil Procedure, Defendants were required to serve their answer, or otherwise plead to the Complaint on or before March 31st, 2015.

Because Defendants had not appeared before this Honorable Court in response to the duly served complaint, on May 1st, 2015, the Clerk of this Court entered default as to Defendants.

As of this day, Defendants have failed to defend against RCAC's claims in the instant case.  The detailed sufficiency of the Complaint, the undisputable

CIVIL 15-1065CCC                              2

nature of the facts of this collection action, and the attached affidavit make default judgment the appropriate remedy.

This Court makes the following findings of fact:

1. On November 30, 2007, Defendant Yessica Peña-Romero obtained a loan from Doral Mortgage Corp., and executed a Mortgage Note in the amount of One Hundred Forty Four Thousand Dollars ($144,000.00), repayable with an interest rate of 7.1/4% per year. On January 26, 2013 Defendants and Doral Mortgage Corp. modified the aforementioned Mortgage Note, becoming its new principal the amount of Two Hundred One Thousand Five Hundred Fifty Dollars With Ninety Seven Cents ($201,550.97) accruing interest at Six Point Fifty percent (6.50%), and with maturity date on February 1, 2053.

2. As guarantee of the repayment obligation evidenced by the Mortgage Note and Allonge, Defendants executed on November 30th 15, 2007, Mortgage Deed number 149 before Notary Public David Toledo-Davi, and on January 26, 2013, Modification Deed number 114 before Notary Public Magda V. Alsina-Figueroa, encumbering Property number 5864, which property is owned by Defendant Yessica Peña-Romero.

3. The Mortgage Deed executed by Defendants is recorded at the Registry of Property of Puerto Rico, in the aforementioned Section, Registry Book and page, under the property which description, in the Spanish language is:

> URBANA: Solar de forma rectangular que mide 12.00 metros de frente, por 21.00 metros de fondo, marcado con el número 7 de la manzana "BP" de la Urbanización Puerto Nuevo, propiedad de la Everlasting Development Corporation, que radica en el Barrio Monacillos de Río Piedras, Puerto Rico, con un área superficial de 252.00 metros cuadrados; en lindes por el NORTE, SUR, ESTE Y OESTE, con terrenos propiedad de la Everlasting Development Corporation, y dando frente al Este, con la calle denominada calle

CIVIL 15-1065CCC        3

  número 12-B de la Urbanización.  Contiene una casa de bloques de cemento y hormigón reforzado, que consta de 2 dormitorios, sala-comedor, cocina y cuarto baño.

  Property number 5,864 recorded at page 49 of Volume 161 of Monacillos, Registry of the Property San Juan, Third Section.

  4. RCAC is the owner and holder of the mortgage note of One Hundred Forty Four Thousand Dollars ($144,000.00), originally issued to the order of Doral Mortgage Corp.

  5. Defendants defaulted on the repayment obligation to RCAC and, for said reason RCAC accelerated the debt and declared due the obligation under the mortgage note.

  6. As of April 30th, 2015, Defendants owed RCAC the principal amount of $200,739.25; interests in the amount of $15,615.99; which will continue to accrue interest at the contractual rate; $1,301.34 in late charges; and $20,155.09 in contractually agreed-upon attorney's fees and legal costs, for a total amount of $237,811.67.

  The Court makes the following conclusions of law:

  This Court has jurisdiction to entertain the claims pleaded herein under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

  For diversity purposes, Plaintiff RCAC is a legal entity organized under the laws of Cayman Islands, having its principal place of business in the Cayman Islands.  Defendants are citizens of the Commonwealth of Puerto Rico.

  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a), (b), and (c), since all operative facts alleged herein were committed within the Commonwealth of Puerto Rico Commonwealth of Puerto Rico.

CIVIL 15-1065CCC 4

Defendants are indebted to RCAC for the loan granted on November 30, 2007, which is past due and payable.  Furthermore, the Defendants herein breached the repayment obligation with RCAC under the Puerto Rico Civil Code, and the Puerto Rico Mortgage Law.

Plaintiff RCAC is entitled to judgment as a matter of law against Defendants in the amount of $237,811.67, as of April 30th, 2015, which will continue to accrue interest at the contractual rate.  Judgment shall be entered accordingly.

IT IS SO ORDERED, ADJUDGED AND DECREED.

At San Juan, Puerto Rico, on May 29, 2015.

S/CARMEN CONSUELO CEREZO
United States District Judge